DANIEL A. POWERS, *versus* GEORGE W. SAWYER & *ux.*

In an action of trover against several defendants, the refusal of the presiding Judge to instruct the jury that they are authorized (if they so find,) to return a verdict against some of them, and in favor of the others, was erroneous.

But exceptions, for that cause, will not be sustained, where the jury found specially that there was no conversion by the defendants, or either of them; for, in such case, the instruction, had it been given, could have been of no benefit to the plaintiff.

EXCEPTIONS from the ruling of HATHAWAY, J.

TROVER for certain articles of household furniture.

It appears from the bill of exceptions, that, " on Sept. 9, 1855, the defendants rode to the plaintiff's house; said George W. Sawyer is a brother of plaintiff's wife; that plaintiff and said George went into the woods, and were absent about two hours; on their return, they found that plaintiff's wife had left with her infant child, and some furniture; the horse and wagon, and the female defendant had also disappeared. They then started for the house of defendants, which was about six miles distant. The plaintiff arrived first, and attempted to take from his wife her child, but was prevented by two of the neighbors, who were putting him out of the house, when defendant, George W. Sawyer, arrived.

" There was evidence in the case tending to show:—

" 1st. That all the household stuff taken away from plaintiff's house, was claimed by the plaintiff's wife as her own, individual property, and that it was so.

" 2d. That Mrs. Sawyer took no part in removing the property, except by permitting plaintiff's wife to put it into the wagon.

" 3d. That neither of the defendants interfered with the articles taken from plaintiff's house, but that all was done by plaintiff's wife.

" 4th. There was evidence tending to show, that plaintiff demanded the household stuff of defendants, and that they refused to let him go into the house for it, or to let him have it.

" There was evidence tending to show, that the household stuff, which had been removed in the wagon, from plaintiff's house, was all carried into a room in defendants' house, occupied by plaintiff's wife, and that defendants never made any claim to it as theirs."

There was much conflicting evidence in the case.

" The Court instructed the jury, *that* a demand by plaintiff on defendants, and their refusal to deliver the goods, would not be sufficient evidence of conversion to charge defendants jointly, unless the goods were in their possession; *that*, if the goods were in the possession of the plaintiff's wife, defendants were under no obligation to deliver them to plaintiff, and their refusal to deliver would not be a conversion by the husband and wife.

" Plaintiff's counsel requested the Court to instruct the jury, that, if they were satisfied from the evidence, that a conversion was made by one of the defendants only, it would be competent for them to find a verdict against one of the defendants, and in favor of the other; which requested instruction the Judge declined to give. Other instructions were given and the jury returned a general verdict, that the defendants were not guilty, and found *specially*, that the defendants, or either of them, did not convert any of the property sued for to their own use."

*Stinchfield*, for the plaintiff.

*Whitmore*, for defendants.

*It was held*, that the special finding by the jury, that there was no conversion by the defendants, or either of them, obviated the error in refusing to give the requested instruction. The instructions given are correct. If there was no conversion, and the jury have so found, the giving the requested instruction would have been of no service to the plaintiff. (2 Greenl. Ev. § 647.)                    *Exceptions overruled.*

TENNEY, C. J., and RICE, APPLETON, CUTTING, MAY, and GOODENOW, J. J., concurred.